C. S. STRICKLAND, W. P. LONG AND RONALD THARRINGTON v. FRANKLIN COUNTY, B. W. YOUNG, N. E. FAULKNER, J. I. WELDON, R. B. MAY AND NORRIS COLLINS, COMMISSIONERS OF FRANKLIN COUNTY.

(Filed 17 September, 1958.)

**1. Statutes § 6—**

A statute may be valid as to one set of facts and invalid as to another.

**2. Taxation § 3— Bonds of spcial tax district held not obligations of county within constitutional provision relating to increase of county debt.**

Provisions in an act authorizing the issuance of school bonds by a special bond tax district of a county that the county might pay from county funds any part of the principal and interest of said bonds (Chapter 1078, Session Laws of 1957) will be construed in *pari materia* with the general statute, G.S. 115-109, with the result that the bonds issued under the special act may not be paid in any part out of county funds unless and until payment be assumed by the county under the procedure outlined in the general statute and in conformity with the constitutional limitations, and therefore the special act is not unconstitutional *per se* nor unconstitutional in its application to the particular facts of the case in permitting an increase of indebtedness of the county in excess of two-thirds of the amount by which the county's outstanding indebtedness had been reduced during the preceding fiscal year. Constitution of North Carolina, Article V, Section 4.

**3. Statutes § 5d—**

In enacting a special act it will be presumed that the General Assembly was advertent to a former general act on the same subject and that the later statute was enacted in the light of and in reference to the former act, and the two statutes must be construed in *pari materia.*

Appeal by plaintiffs from *Clark, J.,* holding the courts of the Ninth Judicial District, at Chambers in Louisburg, 27 March, 1958. From FRANKLIN.

This is a taxpayers' suit to enjoin the issuance by the defendants

of proposed school building bonds in the amount of $350,000 for improvements and new buildings at Mills School in the Town of Louisburg, as approved by vote of the people in an election held in the special tax district in which the school is located.

The record discloses these facts:

1. The defendants propose to issue the bonds under the provisions of Ch. 1078, S. L. 1957, which applies to Franklin County only.

2. Pursuant to this statute and in reliance upon the procedure prescribed by it, the Board of Education of the County created a special bond tax district, designated as "The Louisburg Township Special Bond Tax District of Franklin County," the boundaries of which are coterminous with the boundaries of Louisburg Township.

3. On petition of the Board of Education, the Board of County Commissioners caused a special election to be held in the District, permitting the voters of the District to vote "For" or "Against" the proposed bond issue and the levying of a sufficient tax for the payment thereof.

4. At the special election so held a majority of the votes cast were in favor of the bond issue and the tax levy. The returns have been duly canvassed and declared.

5. The County Board of Education and the Board of County Commissioners have complied with the procedural requirements of Ch. 1078, S. L. of 1957, respecting all matters in connection with the creation of the special tax district and the election held on the question of the issuance of the bonds.

6. It is proposed to issue the bonds in the name of Franklin County, to seal them with the county seal, and to cause them to be signed by the Chairman of the Board of County Commissioners and attested by the Register of Deeds of the County.

It is proposed that the following provisions, among others, will be incorporated in the bonds: "The County of Franklin . . . hereby promises to pay . . . from the proceeds of taxes levied ad valorem on taxable property within The Louisburg Township Special Bond Tax District of Franklin County as now constituted, . . .

"This bond is issued by virtue of and in pursuance of Chapter 1078 of the Session Laws of 1957, for the purpose of acquiring, erecting, enlarging, altering and equipping school buildings, including a gymnasium, agricultural buildings, shop, cafeteria . . . and purchasing sites therefor at the Mills School situated in the Town of Louisburg in said District . . . . The issuance of this bond and the contracting of the indebtedness evidenced thereby have been authorized at an election duly held in The Louisburg Township Special Bond Tax District of Frank-

lin County and resolutions of the Board of Commissioners of Franklin County duly adopted. . . .

"This bond and the interest thereon are payable exclusively out of taxes to be levied in The Louisburg Township Special Bond Tax District of Franklin County and the full faith and credit of the said District and the taxing power of the said County as applicable to said District are hereby irrevocably pledged for the punctual payment thereof."

7. Ch. 1078, Sec. 6, S. L. 1957, provides that any bonds issued pursuant to it: "shall be made payable exclusively out of taxes to be levied in such district, *except the board of county commissioners may pay from county funds any part of the principal and interest of said bonds, . . .*" (Italics added.)

8. In the preceding fiscal year which began on 1 July, 1956, and ended on 30 June, 1957, the outstanding indebtedness of Franklin County was reduced from $128,000 to $122,000, and during the interval from 1 July, 1957, to the date of the hearing in March, 1958, the indebtedness of the county was further reduced $1,200; that the question of the issuance of the bonds has not been submitted to the voters of the entire county, and the defendants do not propose to submit it to them.

9. The plaintiffs are residents and taxpayers of Louisburg Township.

10. The gravamen of the complaint is (1) that by virtue of the clause in Sec. 6, Ch. 1078, S.L. 1957, which provides that the Board of County Commissioners "may pay from county funds any part of the principal and interest of the bonds," any bonds issued under the Act will pledge, or purport to pledge, the faith and credit of Franklin County and will be, or purport to be, debts of Franklin County, payable in such part and to such extent as the Board of Commissioners of Franklin County shall from time to time determine, from any and all funds of Franklin County, including funds other than taxes levied upon property in the Special Tax District; (2) that the proposal to issue the bonds has not been submitted to the voters of the entire county; and (3) since the proposed issue far exceeds the amount by which the outstanding indebtedness of the county was reduced during the preceding fiscal year, the issuance of the bonds as contemplated by the defendants is and would be in excess of their authority and would be contrary to the provisions of Article V, Section 4, of the Constitution of North Carolina and, further, that the bonds, if issued, would be illegal and invalid and the levy and the collection by the defendants of any tax upon the properties of the plaintiffs for the payment of the bonds would be unlawful and in excess of the authority of the defendants, and would constitute a taking of the property of the

plaintiffs, and others similarly situated, contrary to the law of the land, in violation of Article I, Section 17, of the Constitution of North Carolina, and without due process of law, in violation of the provisions of the Fourteenth Amendment of the Constitution of the United States.

The court below upon facts agreed and facts found, substantially as hereinbefore set out, made conclusions of law in substance as follows: (1) that the Board of Commissioners of Franklin County, under authority of Ch. 1078, S. L. 1957, and the proceedings duly had pursuant to the Act, has the power and authority to issue the bonds for the purposes stated; (2) that the bonds will be issued by the Board of County Commissioners on behalf of the Louisburg Township Special Bond Tax District of Franklin County, to be payable exclusively out of taxes to be levied in such District; (3) that the Board of County Commissioners has the power to levy annually and collect a special tax, ad valorem, on all taxable property in the special bond tax district sufficient to pay the bonds, principal and interest, as same becomes due and payable; (4) that the bonds, when issued and sold, will not be debts of Franklin County but will be valid obligations of The Louisburg Township Special Bond Tax District of Franklin County only, and shall be payable exclusively out of taxes to be levied in such District; (5) that the issuance and sale of the bonds and the levy and collection of the special tax annually, ad valorem, on all taxable property in the special tax district sufficient to pay the principal and interest of the bonds as same shall become due and payable will not be unlawful and will not constitute a taking without due process of law or contrary to the law of the land of the property of the plaintiffs and others similarly situated.

Judgment was entered dissolving the temporary order of injunction and dismissing the action. From the judgment so entered, the plaintiffs appeal.

*Fletcher & Lake for plaintiffs, appellants.*
*Edward F. Yarborough for defendants, appellees.*

JOHNSON, J.  The special act which authorizes the issuance of these bonds provides that "they shall be made payable exclusively out of taxes to be levied in such district, *except the board of county commissioners may pay from county funds any part of the principal and interest of said bonds, . . .*" (Sec. 6, Ch. 1078, S.L. 1957) (Italics added.)

The plaintiffs rest their appeal primarily upon the provision of the statute italicized above, and contend that the bonds will be debts of Franklin County by virtue of this provision. They urge that this provision when interpreted in context is valid and imports a mandatory

meaning, requiring that the bonds must be paid with general county revenue if tax collections in the special tax district prove to be insufficient, or that without such insufficiency the statute expressly authorizes the county commissioners to use general county funds on a permissive, discretionary basis for the payment of the bonds, and that in any or either event, the bonds, if issued, will be debts of the county. From this premise the plaintiffs reason: that since the proposal has not been submitted to a vote of the people of the entire county, and since the amount of the proposed bond issue exceeds two-thirds of the amount by which the outstanding indebtedness of the county was reduced during the preceding fiscal year, the defendants have no authority to issue the bonds, being prohibited from doing so by Article V, Section 4, of the state Constitution, which in material part is as follows:

> "The General Assembly shall have the power . . . to authorize counties and municipalities to contract debts and pledge their faith and credit for the following purposes: (The enumerated purposes do not include acquisition, construction, or alteration of school buildings.) . . . For any purpose other than these enumerated . . . the General Assembly shall have no power to authorize counties or municipalities to contract debts, and counties and municipalities shall not contract debts, during any fiscal year, to an amount exceeding two-thirds of the amount which the outstanding indebtedness of the particular county or municipality shall have been reduced during the next preceding fiscal year, unless the subject be submitted to a vote of the people of the particular county or municipality . . ."

The plaintiffs rely on the well-established doctrine that a statute may be valid as to one set of facts and invalid as to another. *Nashville, C. & St. L. R. Co. v. Walters,* 294 U.S. 405, 79 L. ed. 949. The gist of the plaintiffs' argument is that the statute is unconstitutional because of its application to the special facts of this case, which they assert are outside the purview of the statute.

A careful study of the case leaves the impression that the major premise upon which the plaintiffs' line of reasoning rests is erroneous. Therefore, we are unable to accept as valid the conclusions urged by them.

The plaintiffs have failed to give due consideration to the provisions of Article 12, Chapter 1372, Session Laws of 1955, which permits the assumption by counties of school district indebtedness. Article 12 of this statute is now codified as G.S. 115-109 to 115-111. The provisions of G.S. 115-109 pertinent to decision here read as follows:

> "Method of Assumption; validation of proceedings. — The

county board of education, with the approval of the board
of commissioners, and when the assumption of such indebtedness
is approved at an election as hereinafter provided, if such elec-
tion is required by the Constitution, may include in the debt
service fund in the school budget all outstanding indebtedness
for school purposes of every city, town, school district, school
taxing district, township, city administrative unit or other poli-
tical subdivision in the county (hereinafter collectively called
'local districts'), lawfully incurred in erecting and equipping school
buildings necessary for the school term. The election on the ques-
tion of assuming such indebtedness shall be called and held in
accordance with the provisions of Article 9 of chapter 153 of the
General Statutes, known as 'The County Finance Act', insofar
as the same may be made applicable, and the returns of such
election shall be canvassed and a statement of the result thereof
prepared, filed and published as provided in the County Finance
Act."

Since Article 12 of the general act of 1955 and Sec. 6 of the special
act of 1957, under which the instant bonds are to be issued, deal with
the same general subject, to wit: assumption by counties of school dis-
trict indebtedness, these statutory provisions must be regarded as in
*pari materia (Cab Co. v. Charlotte,* 234 N.C. 572, 68 S.E. 2d 433;
*Carr v. Little,* 188 N.C. 100, 123 S.E. 625; 82 C.J.S., Statutes, Sec.
369), and it is presumed (1) that the earlier general act was known
to the Legislature when it enacted the later special act, and (2) that
the later statute was enacted in the light of and in reference to the
former general statute on the same subject. 50 Am. Jur., Statutes, Sec.
354.

We conclude that when the provision which directs that the board
of county commissioners "may pay" the bonds from county funds is
considered in *pari materia* with the prior general act of 1955, which
establishes a statewide policy with reference to assumption of school
district indebtedness by counties, it must be treated as intended to
fit into and be governed by the provisions of the earlier general sta-
tute. And when this provision is so considered in *pari materia* with
the general statute, it may be given operative effect entirely within
the purview of the general act and in complete harmony with the rest
of the special act.

Accordingly, the statute of 1957 under which the instant bonds are
to be issued is not unconstitutional or invalid *per se.* Nor is it uncon-
stitutional or invalid in respect to its application to the particular
facts of this case. The bonds when issued will be debts only of the
special tax district, payable, as provided in the act, "exclusively out

of taxes to be levied" in the district. The bonds will not be debts of Franklin County and may not be paid in any part out of county funds, unless and until payment be assumed by the county under the procedure outlined in G.S. 115-109, and in conformity with applicable constitutional limitations.

The principle is well established that the County may act as agent for the Special Tax District in the issuance of the bonds as provided in the special act applicable to this case. See *Commissioners v. Boring,* 175 N.C. 105, 95 S.E. 43.

The judgment below is
Affirmed.